Argued October 27, affirmed November 24, 1975, reconsideration
denied January 7, petition for review denied February 10, 1976

STATE OF OREGON, *Respondent, v.* DONALD
LEE SIMS (No. C 75-01-0006 Cr) (CA 4748),
*Appellant.*

543 P2d 300

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Richard L. Caswell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

THORNTON, J.

Defendant was convicted after jury trial of Failure to Appear in the First Degree. ORS 162.205.

On appeal he assigns error to the following:

(1) Denying his motion for judgment of acquittal;

(2) Denying his motion to exclude the testimony of Melvin Hedgpeth; and

(3) Overruling his objection to the absence of blacks (persons of African descent) on the jury panel.

Taking up defendant's first assignment, the evidence offered by the state established that defendant signed a release agreement. By the terms of this in-

strument defendant agreed that he would contact the circuit court within one week of October 9, that he would appear at all times and places as ordered by the court, and that it was his responsibility to be sure that his lawyer could reach him in connection with court appearances. The evidence further showed that an order was made and entered requiring defendant to appear on November 12.

Defendant did not appear as required and did not keep in close contact with his attorney's office as required. He was finally located at Tonopah, Nevada, on December 13, 1974, and returned to Oregon.

The foregoing evidence was sufficient to support an inference that defendant intentionally failed to appear as charged, and the refusal to grant defendant's motion for judgment of acquittal was therefore proper.

■ Next we consider defendant's second assignment, which concerns the testimony of Deputy Sheriff Hedgpeth. He testified that he took defendant into custody on December 13, 1974, at Tonopah under a warrant. We agree that this testimony was relevant and admissible to support the inference that defendant had left Multnomah County, and that he did not intend to appear in court in Multnomah County on November 12.

■ Defendant's final assignment concerns the absence of black veniremen. ORS 10.110, which is cited by defendant, provides that the jury panel shall be selected by lot "of the most competent of the permanent citizens of the county * * *."

The state cites *Swain v. Alabama,* 380 US 202, 85 S Ct 824, 13 L Ed 2d 759 (1965), where the Supreme Court in considering a similar contention said:
"* * * Although a Negro defendant is not en-

titled to a jury containing members of his race, a State's purposeful or deliberate denial to Negroes on account of race of participation as jurors in the administration of justice violates the Equal Protection Clause. * * *" 380 US at 203-04.

The court went on to say:

"But purposeful discrimination may not be assumed or merely asserted. *Brownfield* v. *South Carolina,* 189 U.S. 426 [23 S.Ct. 510, 47 L.Ed. 882] * * *. It must be proven, *Tarrance* v. *Florida, supra* [188 U.S. 519, 23 S.Ct. 402, 47 L.Ed. 572]; * * * the quantum of proof necessary being a matter of federal law. *Norris* v. *Alabama,* 294 U.S. 587 [55 S.Ct. 579, 79 L.Ed. 1074]; *Smith* v. *Texas,* 311 U.S. 128 [61 S.Ct. 164, 85 L.Ed. 84]. It is not the soundness of these principles, which is unquestioned, but their scope and application to the issues in this case that concern us here." 380 US at 205.

We are satisfied that ORS 10.110 provides for a fair cross-section of the county. That there were no black veniremen on this particular panel does not contravene ORS 10.110.

Defendant here has made no showing that persons of African descent were systematically excluded from the jury. In the absence of such a showing, or that this panel was not selected according to ORS 10.110, or a similar showing, this contention cannot be sustained.

Not cited by either the state or the defendant here is *State v. Anderson,* 6 Or App 22, 485 P2d 446, Sup Ct *review denied* (1971), *cert denied* 406 US 973 (1972). In *Anderson* this court, after an extended examination of the jury selection process in Multnomah County, and a comprehensive review and discussion of the authorities in all jurisdictions which have considered substantially the identical issue raised here, con-

cluded that the same jury selection process as was used in the case at bar did not deny Anderson, also a black, of equal protection of the laws under either the United States or Oregon Constitution.

Defendant Sims has not called our attention to any additional authorities, nor do we find any, which convince us that the result on this contention should be any different here than in *State v. Anderson,* supra.

Affirmed.