Argued August 16, 1977, affirmed January 16, 1978

STATE OF OREGON, *Respondent,*
*v.*
LLOYD KNOX MARBET, *Appellant.*
(No. 97645, CA 7731)
573 P2d 736

Douglas D. Hagen, Portland, argued the cause for appellant. With him on the briefs was Kafoury & Hagen, Portland.

W. Michael Gillette, Solicitor General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Donald L. Paillette, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Lee and Tanzer, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction of Criminal Trespass in the Second Degree, ORS 164.245. He was arrested when he refused to leave a Public Utility Commission rate hearing after being ordered to do so by the hearings officer. From a conviction by a jury in the district court he appealed to the circuit court.[1] In the circuit court he requested a trial by jury. Prior to trial the circuit court granted the state's "Motion in Limine."[2] The effect of the order was to (1) limit the introduction of evidence on the lawfulness of the hearings officer's order denying defendant the right to participate in the hearing, and (2) limit the scope of defendant's voir dire of the jury. Defendant asserts it was error to exclude the evidence and to limit his voir dire.

A detailed recitation of the facts is necessary to understand the issues raised by this appeal. The Public Utility Commissioner scheduled a hearing for July 20, 1976, to consider an application for an electric rate increase by a public utility. Prior to the hearing a colleague of defendant, Mr. Rosalie, sought permission to represent himself and an organization known as the Coalition for Safe Power (the Coalition) in the hearing. After several preliminary rulings regarding representation of the Coalition the hearings officer ultimately ruled Mr. Rosalie could not represent the Coalition in the hearing on the ground he was not a lawyer. This ruling was certified to the Public Utility Commissioner on July 7, 1976, for his final determination.[3] Defendant was apparently working with Mr.

---

[1] Prior to January 1, 1977, appeals from the district court were heard by the circuit court. As of that date appeals from the district court are heard by the Court of Appeals. Oregon Laws 1975, chapter 611.

[2] Although a "Motion in Limine" is not specifically provided for by statute it in substance is cognizable under ORS 135.037(3).

[3] This was done apparently pursuant to Public Utility Commissioner's Order No. 76-193, which delegates authority to hearings officers

"(9) [w]ithin their discretion to certify any question to the Commissioner for his consideration and disposition."

Rosalie in making the request for leave to represent the Coalition; he, however, had made no individual request to appear in a representative capacity.

On the day of the hearing defendant and Mr. Rosalie went to the Commissioner to inquire if he had made a determination on the ruling of the hearings officer. When they determined no decision had been made they proceeded directly to the hearing room located in a public building in Salem. Upon arrival at the hearing they sat at counsel table without objection and stated they represented the Coalition for Safe Power.

The utility called its first witness and after direct examination and cross-examination by the other parties, Mr. Rosalie sought to cross-examine the witness. The hearings officer, on objection from the utility, ruled he was out of order. Defendant then attempted to cross-examine the witness and was likewise ruled out of order. Defendant remonstrated with the hearings officer insisting he had the right to examine the witness as a representative of the Coalition. The hearings officer told defendant he would be asked to leave if he did not cease his disruptive behavior. When defendant persisted he was asked to leave. He refused and was arrested for trespass and forcibly removed from the hearing room by a police officer.

At trial in the circuit court defendant elected to represent himself. The trial court ruled, in response to the state's pretrial motion, that the defendant could not question the jury or argue to the jury regarding his reputation, capabilities or effectiveness in representing the Coalition for Safe Power. The ruling on the motion also excluded any evidence or argument respecting the propriety or legality of the hearings officer's ruling that Mr. Rosalie or defendant could not participate in the hearing as representatives of the Coalition.

Following the rulings on the motion the court stated its opinion that the only fact questions remaining were whether the hearings officer was the person in charge and had ordered the defendant to leave. Defendant agreed the hearings officer was a person in charge and had given an order to leave which he disobeyed. The defendant then waived trial by jury and consented to present the case to the court on stipulated facts. The court allowed defendant to state in some detail the evidence he would have presented had it not been excluded by granting the motion. The court adhered to its original ruling that defendant could not in this proceeding collaterally attack the hearings officer's ruling and found the defendant guilty.

■ We first discuss defendant's contention he was denied a fair and impartial trial because of the limitation on voir dire questioning. Since defendant waived trial by jury that contention is not preserved for review. The court's ruling had no effect on the fairness of a trial to the court. Defendant does not challenge the propriety of the waiver.

Defendant's contention regarding the exclusion of evidence requires an interpretation of the trespass statute, ORS 164.245.

"(1) A person commits the crime of criminal trespass in the second degree if he enters or remains unlawfully in or upon premises.
"* * * * *

ORS 164.205(3) gives the term "remain" the following meaning:
"* * * * *

"(b) To fail to leave premises that are open to the public after being lawfully directed to do so by the person in charge."

Defendant argues the term "lawfully directed" in ORS 164.205(3)(b) requires that the order to leave given by the person in charge be in itself lawful. The lawfulness of the order, he contends, can be posed as a

defense to the trespass charge. Under this theory he asserts he should have been allowed to present evidence, as a defense to the charge, that the ruling of the hearings officer denying him the opportunity to participate in the hearing was unlawful.

The state contends, absent a challenge based upon a constitutional right to remain, the only factors bearing on the lawfulness of the order to leave is the authority of the person in charge to issue the order. The authority, the state argues, stems from the hearings officer being a person in charge.

■ There is no contention the hearing room was not premises open to the public and defendant concedes the hearings officer was a person in charge. The status of being a person in charge does not by that fact alone disclose the authority to direct someone to leave the premises. This can be seen by the plain wording of the statute, i.e., "being lawfully directed to do so by the person in charge." If the legislature intended that the authority to issue the order stemmed from the status of being in charge it would have been unnecessary to add the words "lawfully directed." In order to give meaning to these phrases we construe the statute to require not only proof the person giving the order was in charge but also that he had the authority to give such an order. The lawfulness of the directive to leave must be determined apart from the status of being in charge.

If the person giving the order is in charge and has authority to direct someone to leave the premises, this authority may in turn be limited or circumscribed by statutory or constitutional provisions. An example set forth in defendant's brief illustrates this point. We quote the example:

> "Suppose that a man in a wheelchair goes to a restaurant and attempts to order a meal. The manager then directs him to leave because his handicap upsets the other patrons. If the man in the wheelchair refuses to leave and is arrested for criminal trespass, subsection (b)

of ORS 164.205(3) permits him to defend against the charge on the ground that ORS 659.425 (which prohibits discrimination against handicapped persons in places of public accommodation) makes the manager's order unlawful."

If the manager had authority to direct the patron to leave the restaurant the exercise of the authority is limited by the proscription forbidding discrimination against handicapped persons. That the discrimination statute may have been violated by the order to leave is a proper inquiry in a criminal trespass trial.

■■ A person who enters a premises open to the public may have a constitutional right to remain. The authority of a person in charge to expel him is limited by the proper exercise of the constitutional right. *See Hudgens v. NLRB,* 424 US 507, 96 S Ct 1029, 47 L Ed 2d 196 (1976); *Lloyd Corp. v. Tanner,* 407 US 551, 92 S Ct 2219, 33 L Ed 2d 131 (1972); *Marsh v. Alabama,* 326 US 501, 66 S Ct 276, 90 L Ed 265 (1946). Whether a person has a constitutional right to remain as an incident to the proper exercise of a constitutionally protected right may be inquired into in contesting the lawfulness of the direction to leave the premises.

■ In each of these situations the proper challenge is to the lawfulness of the order to leave. If the authority of the person in charge to expel an individual from the premises is not limited by a constitutional or statutory right of the individual to remain, the order must be obeyed at the risk of a conviction for trespass.

In this case it is conceded the hearings officer was a person in charge. As the presiding officer of the hearing he is given specific authority by the Public Utility Commissioner to expel persons from the hearing. The Commissioner, pursuant to ORS 756.055, delegated to the hearings officers specific authority to preside over hearings and maintain order. Public

[ 73 ]

Utility Commissioner's Order No. 76-193. This order provides in part:

> "* * * In the event that participants or counsel engage in disrespectful, disorderly or contumacious language or conduct in connection with any hearing, * * * such conduct shall be ground for exclusion of any person from such hearing and for summary suspension for the duration of the hearing by the presiding officer."

■ Defendant does not challenge the authority expressed in the above order of delegation. He contests the order to leave the hearing on the basis that a previous ruling of the hearings officer denying him the right to cross-examine a witness or otherwise participate in the proceedings was unlawful. He chose to show his disagreement with this ruling by disrupting the hearing. His disruptive behavior was the precipitating cause of the order for him to leave. The ruling denying participation in a representative capacity did not expel him from the premises. Whether that ruling was lawful does not effect the legality of the direction to leave the hearing room and consequently the legal basis of the ruling was irrelevant in the criminal trial.

An analogous situation arises when a court makes a ruling during trial. The party to whom the order is directed must comply, absent a stay for purpose of appeal, even though he may disagree with the ruling. As the United States Supreme Court said in *Maness v. Meyers,* 419 US 449, 95 S Ct 584, 42 L Ed 2d 574 (1975):

> "* * * Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect. * * *" 419 US at 458.

In essence the contempt would be sustained despite the fact the ruling disobeyed is erroneous and it would thus be no defense to the contempt charge that the court was incorrect in its ruling.

Here the defendant chose to contest the ruling by haranguing the hearings officer and disrupting the hearing. Having chosen this route he assumes the consequences of his behavior which is the trespass charge. It is no defense to this charge that the hearings officer's ruling denying him the right to participate may have been in error. The evidence excluded by the court's ruling on the motion was irrelevant and the motion was properly granted.

Defendant raises a constitutional issue for the first time in his reply brief. He argues had he been allowed to present the proffered defense he would have shown the hearings officer's order was unlawful because it restricted his constitutional right to participate in the hearing. We agree with defendant that the right of access to the courts and administrative agencies is part of the right of petition protected by the First Amendment. *California Transport v. Trucking Unlimited,* 404 US 508, 92 S Ct 609, 30 L Ed 2d 642 (1972). This amendment has never been construed to allow its exercise in defiance of prescribed procedures designed for the orderly resolution of disputes. *See California Transport v. Trucking Unlimited, supra; Police Department of Chicago v. Mosley,* 408 US 92, 92 S Ct 2286, 33 L Ed 2d 212 (1972). The ruling of the hearings officer may, when tested against statutes or the constitution, be invalid. This is a matter which the defendant must urge through the prescribed procedures for appeal. His assertion in this proceeding that this ruling is invalid because it violates his constitutional rights is simply a collateral attack on a different ground. The order for him to leave the hearing room did not deny him the right to participate as a representative of the Coalition. That issue had already been determined by the hearings officer's earlier ruling. His disruptive defiance of that ruling was the precipitating cause of the order to leave. The lawfulness of this order must be tested against the authority of the hearings officer to issue it. As stated above this authority stems from a specific delegation by the

[ 75 ]

Commissioner to conduct the hearing, maintain order and exclude persons whose conduct is disruptive. Under these facts a constitutional challenge to the hearings officer's previous ruling is irrelevant.

Affirmed.