Argued January 19, affirmed March 13, 1978

STATE OF OREGON, *Respondent,*
*v.*
MARK CHARLES WHISMAN, *Appellant.*
(No. DA 137978, CA 9241)
575 P2d 1005

John Clinton Geil, Portland, argued the cause and filed the brief for appellant.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

The sole issue presented is whether the trial court erred when it granted the state's pretrial motion preventing the defendant from presenting his justification defense of a choice of evils. ORS 161.200.[1]

Defendant was charged with escape in the third degree from the custody of his probation officer on August 8, 1977. He admitted the escape but sought to show by offer of proof that he did so in order to avoid being returned to the Multnomah County Courthouse Jail where he had been beaten by other prisoners while imprisoned there on May 17, 1977, and forced to commit oral sodomy. The trial court ruled that this evidence was irrelevant and granted the prosecution's motion in limine preventing defendant from presenting it.

On appeal defendant makes the following points:

(1) The Criminal Law Revision Commission in recommending the adoption of ORS 161.200 deleted a subsection (3) which would have required the court to rule "as a matter of law whether the claimed facts and circumstances would, if established, constitute a justification." Commentary, Proposed Oregon Criminal Code 20, § 20 (1970). Defendant argues that this

---

[1] ORS 161.200 provides:

"(1) Unless inconsistent with other provisions of chapter 743, Oregon Laws 1971, defining justifiable use of physical force, or with some other provision of law, conduct which would otherwise constitute an offense is justifiable and not criminal when:

"(a) That conduct is necessary as an emergency measure to avoid an imminent public or private injury; and

"(b) The threatened injury is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding the injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue.

"(2) The necessity and justifiability of conduct under subsection (1) of this section shall not rest upon considerations pertaining only to the morality and advisability of the statute, either in its general application or with respect to its application to a particular class of cases arising thereunder."

[ 149 ]

evidenced a legislative intent to allow such defenses to go to the trier of fact rather than being precluded as a matter of law.

(2) In *State v. Matthews,* 30 Or App 1133, 1136, 569 P2d 662 (1977), this court said:

"* * * If there is any evidence in the record from which the jury could infer the required elements of justification, the issue should be submitted to them. * * *"

(3) Appellate courts in California and Michigan (from which our choice of evils statute was derived) have held in cases involving threat of homosexual attacks in prisons that the defense of duress is a question for the triers of fact. *See, People v. Lovercamp,* 43 Cal App 3d 823, 118 Cal Rptr 110 (1974); *People v. Luther,* 394 Mich 619, 232 NW2d 184 (1975). *See also,* Gardner, *The Defense of Necessity and the Right to Escape from Prison—A Step Towards Incarceration Free from Sexual Assault,* 49 S Cal L Rev 110 (1975).

The state counters the above by arguing:

(1) The quotation from the Criminal Law Revision Commission's Commentary is incomplete and leaves out language expressing a legislative intent to leave this decision up to the trial judge.

(2) The quotation from *Matthews* is incomplete and leaves out language indicating that the holding is contrary to defendant's contention.

(3) The "choice of evils" defense was not appropriate under the facts.

(4) In *State v. Fitzgerald,* 14 Or App 361, 513 P2d 817 (1973), this court held that a threat of future injury was insufficient; that in order to amount to duress the danger must be "present, imminent and impending"; that no such showing was made here.

The fact situation involved here has apparently never been decided in this state.

[ 150 ]

We summarize our conclusions as follows:

■ (1) The intent of the legislature in enacting ORS 161.200 was to "leave it to the trial judge to deal with the matter as he would any other offered evidence." *See,* Commentary, Proposed Oregon Criminal Code 20, § 20 (1970). *See also,* Minutes, Criminal Law Revision Commission, November 7, 1969, pp 25-30.

■ (2) The rationale of *Matthews* is that the trial judge must determine in the first instance whether defendant's evidence relating to the defense of justification is relevant, material, competent and admissible. We agree with the trial judge that defendant's proffered evidence here was too remote to be relevant, material and admissible under ORS 161.200.

In *State v. Fitzgerald, supra,* we held that a threat of future injury was insufficient; that in order to amount to duress under ORS 161.270,[2] the danger must be "present, imminent and impending"; that no such showing was made where defendant's accomplice threatened a prisoner who had previously been injured in jail with harm from the accomplice's friends on the outside if prisoner did not cooperate.

We think the rationale of *Fitzgerald* under ORS 161.270 is equally applicable to choice of evils under ORS 161.200. Defendant was not charged with escaping from the jail where the homosexual acts had allegedly taken place, but from the custody of his probation officer almost three months after the homosexual acts.

---

[2] ORS 161.270 provides in part:

"(1) The commission of acts which would otherwise constitute an offense, other than murder, is not criminal if the actor engaged in the proscribed conduct because he was coerced to do so by the use or threatened use of unlawful physical force upon him or a third person, which force or threatened force was of such nature or degree to overcome earnest resistance.

"(2) Duress is not a defense if a person intentionally or recklessly places himself in a situation in which it is probable that he will be subjected to duress."

*People v. Lovercamp, supra,* involved a charge of escape from a penal institution, physical violence against the inmate for refusing sexual advances and a threat of further physical violence *immediately* preceding the escape.

*People v. Luther, supra,* also involved a charge of escape from a penal institution, physical violence against the inmate for refusing sexual advances following which the prisoner *immediately* fled from the institution.

In *People v. Harmon,* 53 Mich App 482, 220 NW2d 212 (1974), *aff'd* 394 Mich 625, 232 NW2d 187 (1975), the court held that the fact that defendant did not leave the prison until approximately 24 hours after the homosexual confrontation with his fellow inmates was not sufficient to remove the duress defense from jury consideration.

All of the above cases involved escape from prisons. In addition, these cases are distinguishable on the facts from the case at bar in terms of immediacy of the threat.

Having examined all of the above authorities, we believe that the better reasoned rule is this: In cases involving a charge of escape whether from a penal institution or from a peace officer, conditions of confinement do not generally justify an escape, and that for a defense of necessity or compulsion to lie there must be a showing that the harm which the defendant sought to avoid was "present, imminent and impending."[3] *State v. Fitzgerald, supra.* This was not the case here.

Affirmed.

---

[3] *See generally,* Annotation, Prison Escape—Justification, 69 ALR3d 678, 694-98, § 8 (1976). *See also, People v. Brown,* 70 Misc 2d 224, 333 NYS2d 342 (Sup Ct 1972).