Argued and submitted April 17, 1989, affirmed February 14, reconsideration denied May 16, petition for review pending 1990

STATE OF OREGON,
*Respondent,*

*v.*

ROGER SMITH TROEN,
*Appellant.*

(10-87-03558; CA A48068)

786 P2d 751

Stephen A. Houze, Portland, argued the cause for appellant. With him on the brief was Birkland & Houze, Portland.

Janet Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

## GRABER, P. J.

Defendant, an animal rights activist, appeals from convictions[1] for crimes arising from a break-in at a University of Oregon research facility and the theft of laboratory animals. He assigns as error the allowance of the state's pretrial motion to limit the evidence that he proposed to introduce in support of a "choice of evils" defense. ORS 161.200.[2] We affirm.

Before trial, the state filed a motion that sought to preclude defendant from offering evidence on his choice of evils defense. In the pretrial hearing, the trial court required defendant to present his evidence. He argues that the trial court (1) abused its discretion in requiring him to present his evidence before trial, (2) erred by not restricting its rulings regarding the proffered evidence to relevancy and other general grounds of admissibility, and (3) usurped defendant's right to have a jury hear his defense, because it rejected the defense on its merits.

■ A motion to limit evidence may be considered in a pretrial omnibus hearing under ORS 135.037(3). *State v. Marbet,* 32 Or App 67, 573 P2d 736 (1978). We rejected an argument similar to defendant's in *State v. Whisman,* 33 Or App 147, 575 P2d 1005 (1978). *See also State v. Clowes,* 100 Or App 266, 785 P2d 1071 (1990). Generally, a trial court should make a pretrial ruling on the admissibility of evidence only if the

---

[1] Defendant was convicted of theft in the first degree, burglary in the second degree, and conspiracy to commit burglary in the second degree. ORS 164.055; ORS 164.215; ORS 161.450.

[2] ORS 161.200 provides:

"(1) Unless inconsistent with other provisions of chapter 743, Oregon Laws 1971, defining justifiable use of physical force, or with some other provision of law, conduct which would otherwise constitute an offense is justifiable and not criminal when:

"(a) That conduct is necessary as an emergency measure to avoid an imminent public or private injury; and

"(b) The threatened injury is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding the injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue.

"(2) The necessity and justifiability of conduct under subsection (1) of this section shall not rest upon considerations pertaining only to the morality and advisability of the statute, either in its general application or with respect to its application to a particular class of cases arising thereunder."

evidence carries an unusual potential for prejudice. *State v. Browder,* 69 Or App 564, 567, 687 P2d 168, *rev den* 298 Or 172 (1984). Here, the proffered evidence included, in defendant's words,

> "graphic photographic evidence of research practices and abuses, [and] graphic video-taped documentaries of other similar research practices and animal abuses * * *."

The nature of the evidence was such that the trial court did not abuse its discretion in ruling on its admissibility before trial.

■ Defendant argues that the pretrial ruling excluding the evidence abrogated his rights under Article I, section 11, and the Fourteenth Amendment to present a defense. The short answer is that the right to present a defense is subject to the requirements that the defense be one that the law recognizes and that it be proven by admissible evidence. *See Washington v. Texas,* 388 US 14, 23, 87 S Ct 1920, 18 L Ed 2d 1019 (1967); *see also State v. Douglas,* 292 Or 516, 533 n 17, 641 P2d 561 (1982) (Lent, J., specially concurring: "The defendant's right to present a defense is subject to legal requirements, such as that evidence must be relevant and material"); *State v. Holterman,* 69 Or App 509, 687 P2d 1097, *rev den* 298 Or 172 (1984).

■ Defendant's second argument is that the trial court, in its pretrial ruling, went beyond determining a minimal threshold of relevancy and weighed the sufficiency of the evidence. In order to present a jury question regarding the choice of evils defense, a defendant must offer evidence that would be sufficient for a jury to find that: (1) the defendant's conduct was necessary to avoid a threatened injury; (2) the threatened injury was imminent; and (3) it was reasonable for the defendant to believe that the need to avoid that injury was greater than the need to avoid the injury that the charging statute seeks to prevent. *State v. Matthews,* 30 Or App 1133, 1136, 569 P2d 662 (1977). When a defendant raises the choice of evils defense, the trial judge must determine whether the evidence satisfies those requirements before the court can submit the issue to a jury. If there is evidence from which the jury could find that each requirement has been met, then the court must submit the defense. It is for the jury to determine the weight of the evidence and to decide whether the defense has been

established. Contrary to defendant's argument, the trial court correctly understood its role.

Next, defendant asserts that the court erred in failing to submit the defense, because the evidence that he offered was sufficient to raise a jury question. He contends that his evidence showed that laboratory animals were being subjected to cruel and inhumane testing procedures and that it was therefore necessary for him and his accomplices to break into the laboratories in order to protect the animals.

■ The decisive question, however, is whether defendant's use of the defense here would be "inconsistent * * * with some other provision of law." *State v. Clowes, supra,* 100 Or App at 271-74. Extensive federal regulations govern the treatment of animals used in the experiments that the laboratories were performing. *See* 9 CFR § 3.1 *et seq.* For this purpose, regulations authorizing conduct have the same effect as statutes authorizing conduct. Although defendant alleges in his brief that the laboratory that he helped to raid was violating several federal regulations, he does not point to any evidence in the record that would support those allegations. Accordingly, federal law expressly allows what the victim of the crime was doing, so defendant may not offer a choice of evils defense when he interfered with that activity because of his belief that what the laboratory was doing is morally wrong.

Finally, defendant argues that the proffered evidence was admissible as evidence of his motive in participating in the burglary and theft. He relies on *State v. Miller,* 137 Or 218, 2 P2d 8 (1931), for the proposition that, although proof of motive is not ordinarily essential, evidence showing a motive or its absence is always admissible. In the trial court, he argued that his evidence was admissible to show his state of mind or what he intended. For the purposes of deciding this issue, we assume that defendant's concepts of "state of mind" and "motive" are synonymous.

■ Defendant was charged with "intentionally" conspiring to commit the crime of burglary and "knowingly" committing the crimes of burglary and theft. ORS 161.085 provides these definitions:

> "(7) 'Intentionally' or 'with intent,' when used with respect to a result or to conduct described by a statute defining

an offense, means that a person acts with a conscious objective to cause the result or to engage in the conduct so described.

"(8) 'Knowingly' or 'with knowledge,' when used with respect to conduct or to a circumstance described by a statute defining an offense, means that a person acts with an awareness that the conduct of the person is of a nature so described or that a circumstance so described exists."

OEC 401 defines "relevant evidence" as

"evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Defendant's proffered evidence was not relevant to the issue of whether he acted "with intent" to conspire to commit the crime of burglary or "knowingly" in committing the crimes of burglary and theft. Defendant's motive, that is, why he did what he did, is immaterial to the allegations that he acted with a conscious objective to commit burglary or with an awareness that his conduct constituted burglary or theft. In *State v. Miller, supra,* the reason why the defendant, a police officer, released those whom he had arrested was essential to his defense to a charge that he had done so as the result of a bribe. In this case, in contrast, why defendant did what he did has nothing to do with whether he acted intentionally or knowingly. The issue was *whether* defendant acted with a particular state of mind, not *why* he had that mental state. The proffered evidence would not tend to show that defendant did not know what he did or intend to do it. The court, therefore, did not err in excluding it.

Affirmed.