Argued and submitted October 14, 1991, affirmed February 26, 1992

STATE OF OREGON,
*Respondent,*

*v.*

JULIE KAY PURDUE,
*Appellant.*

(DA 416833-9003; CA A67820 (Control))

STATE OF OREGON,
*Respondent,*

*v.*

JANET KATHLEEN CARLSON,
*Appellant.*

(DA 416826-9003; CA A67821)

STATE OF OREGON,
*Respondent,*

*v.*

JENNY ANN WESTBERG,
*Appellant.*

(DA 416828-9003; CA A67822)
(Cases Consolidated)

826 P2d 1037

Norman L. Lindstedt, Portland, argued the cause for appellants. With him on the brief was Lindstedt, Buono & Gordon, P.C., Portland.

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Defendants appeal their convictions for criminal trespass in the second degree. ORS 164.245(1).[1] They assign as error the granting of the state's pre-trial motion to withdraw from the jury's consideration the defense of "constitutionally protected speech activity" and the court's failure to grant their motions for directed judgments of acquittal and to give certain requested instructions. We affirm.

On March 17, 1990, defendants were arrested during a demonstration in the parking lot of an office building in Portland. Protestors were singing, praying and attempting to talk with patients of the Feminist Health Center, one of the six tenants of the building. A representative of the center told the protestors that the parking lot was private property and that, if they did not leave, they would be prosecuted for trespass. She testified that defendants were among the individuals that she addressed. The protestors were not prevented from using the adjacent public sidewalks. Police arrested defendants in the parking lot.

Defendants argue that their activities were protected expression under Article I, section 8, of the Oregon Constitution. The state responds that, because the parking lot was private property, section 8 did not protect defendants' activities.

■    Section 8 protects expressive activity from intrusion by any branch of government. *State v. Robertson*, 293 Or 402, 649 P2d 569 (1982). If the state's prosecution for trespass on the parking lot inhibits protected speech, then it is an unconstitutional application of ORS 164.245(1). *See State v. Cargill*, 100 Or App 336, 786 P2d 208 (1989), *rev allowed* 310 Or 133 (1990);[2] *State v. Marbet*, 32 Or App 67, 573 P2d 736

---

[1] ORS 164.245(1) provides:

"A person commits the crime of criminal trespass in the second degree if the person enters or remains unlawfully in or upon premises."

[2] In *Cargill*, we held that the constitutional right to circulate an initiative petition under Article IV, section 1, barred prosecution for trespass on private property when the owner of the property had invited the public to use that particular property for more than commercial activity so as to make the property a public forum. *See also State v. Dameron*, 101 Or App 237, 789 P2d 707 (1990), *rev allowed* 312 Or 554 (1991).

(1978). However, the constitutional guarantee of free expression does not mean that those who wish to exercise that right may do so wherever they please. *See Huffman and Wright Logging Co. v. Wade*, 109 Or App 37, 817 P2d 1334 (1991).[3] Those courts that have considered the issue of whether the right to protected speech exists on private parking lots of another have done so in the light of whether the private property is the functional equivalent of public property.[4]

■■ The state moved to prohibit defendants from referring to their activities as constitutionally protected expression. The trial court heard evidence and ruled that the parking lot was not "the functional equivalent of a town center or community business block" and allowed the motion. The trial court did not abuse its discretion in allowing the motion, if the parking lot had not acquired the characteristics of a public forum. *See State v. Clowes*, 310 Or 686, 692, 801 P2d 789 (1990).

The center's representative testified that its lease of part of the building gives it the right, along with the other tenants, to control the parking lot and to use it for the benefit of its patients. Signs in the parking lot prohibit unauthorized parking. There are no restaurants or common areas in the building that invite the public at large to congregate on the premises. The other tenants are commercial or professional businesses that offer specific services. Previously, the center had acted to restrict protest activities on its premises by obtaining an injunction. On the uncontroverted record, we hold that the trial court did not abuse its discretion in allowing the state's motion.

When the state had rested its case-in-chief, and again at the close of evidence, the court denied defendants' motions for judgment of acquittal. One of the grounds for the motions reiterated defendants' argument that the parking lot was a lawful forum for protected expression. The trial court did not

---

[3] In *Huffman*, we held that the defendants did not have a constitutional right to use privately owned logging equipment located in a public forest as a platform for their expressive activities.

[4] *See, e.g., PruneYard Shopping Center v. Robins*, 447 US 74, 100 S Ct 2035, 64 L Ed 2d 741 (1980); *Lloyd Corp. v. Tanner*, 407 US 551, 92 S Ct 2219, 33 L Ed 2d 131 (1972); *Food Employees v. Logan Valley Plaza*, 391 US 308, 88 S Ct 1601, 20 L Ed 2d 603 (1968); *Lloyd Corporation v. Whiffen*, 307 Or 674, 773 P2d 1294 (1989).

err in denying the motions on that ground, because there is no evidence that the parking lot was the functional equivalent of a public place. The other grounds for denial do not require discussion, because there was evidence to prove the essential elements of the crime beyond a reasonable doubt. *See State v. King*, 307 Or 332, 339, 768 P2d 391 (1989).

Defendants also assign error to the court's failure to give certain requested instructions. Failure to give the instructions about the issue of constitutionally protected speech is not error, because there was no evidence to support them. The failure to give the other requested instructions does not require discussion.

Affirmed.