Argued and submitted July 27, 1993, convictions affirmed and remanded for resentencing April 20, 1994

## STATE OF OREGON,
*Respondent,*

*v.*

## NAVOR LOPEZ BELTRAN,
aka Pedro Mesa,
*Appellant.*

(91-01-5163-C, 91-01-5164-C, 92-03-5598-C;
CA A75007 (Control), A75008, A75009)
(Cases Consolidated)

872 P2d 983

Irene B. Taylor, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Janet A. Metcalf, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Richardson, Chief Judge, and Deits and Riggs,* Judges.

RICHARDSON, C. J.

---

* Riggs, J., *vice* Durham, J.

**RICHARDSON, C. J.**

In this consolidated appeal, defendant challenges his conviction of two counts of failure to appear in the first degree, ORS 162.205, and his sentence for four counts of delivery of a controlled substance, cocaine, ORS 475.992. We affirm the convictions and remand for resentencing.

Defendant was released from custody on December 17, 1990, pending a charge for felony driving while suspended. He pleaded guilty and appeared several times in relation to that charge. However, he did not appear for the scheduled sentencing on April 8, 1991. During the same time period, defendant was arrested and released on pending charges for delivery of a controlled substance. He made several appearances on the latter charges but did not make a scheduled appearance on them on April 15, 1991. A warrant was issued for his arrest, but he was not found and arrested until February 12, 1992.

■ In his first two assignments, defendant contends that the trial court erred when it denied his motion for judgment of acquittal on both counts of failure to appear. He argues that the state failed to present any evidence that he did not intend to appear. We view the evidence in the light most favorable to the state, accepting reasonable inferences that the jury could have made, and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Walters*, 311 Or 80, 82, 804 P2d 1164, *cert den* 501 US ___ (1991); *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989).

■ ORS 162.205(1) provides:

"A person commits the crime of failure to appear in the first degree if, having by court order been released from custody or a correctional facility upon a release agreement or security release upon the condition that the person will subsequently appear personally in connection with a charge against the person of having committed a felony, the person intentionally fails to appear as required."

The state presented evidence that defendant had signed conditional release agreements related to the charges of felony driving while suspended and delivery of a controlled substance. Those agreements required that he appear and

answer the charges as ordered by the court until discharged and that he immediately notify the court and his attorney of any change of address. The state also presented evidence that the court ordered defendant to appear on April 8, 1991, and April 15, 1991, for proceedings related to the charges and that his attorney received notice of these required appearances. Defendant did not appear and was not found and arrested until ten months later. The evidence is sufficient to support a reasonable inference that defendant, beyond a reasonable doubt, intentionally failed to appear. *See State v. Sims*, 23 Or App 438, 543 P2d 300 (1975), *rev den* (1976). The court did not err in denying his motion for judgment of acquittal.

In his third assignment, defendant argues that the trial court erred when it imposed a $10,000 fine, because it failed to consider his ability to pay as required by ORS 161.645. The state concedes that the trial court erred, and we accept the state's concession. We do not address defendant's fourth assignment, which also challenges his sentence, because the entire case must be remanded for resentencing. ORS 138.222(5); *State v. Dvorak*, 124 Or App 578, 863 P2d 1314 (1993), *rev den* 318 Or 351 (1994).

Convictions affirmed; remanded for resentencing.