Submitted September 28, 2020, affirmed July 8, petition for review denied November 24, 2021 (368 Or 787)

CITY OF EUGENE,
*Plaintiff-Respondent,*

*v.*

ROD ADAMS,
*Defendant-Appellant.*

Lane County Circuit Court
18CR00778; A167904

495 P3d 187

Defendant appeals from a judgment of conviction for second-degree trespass, for violating Eugene City Code 4.807, by sleeping in front of the elevator to a private building. Asserting three assignments of error, defendant argues, first, that the trial court erred in denying his motion to dismiss wherein he argued that the Eighth Amendment to the United States Constitution prohibited criminalization of his conduct based on the status of his homelessness. Additionally, defendant argues that the trial court erred in granting the city's motion *in limine*, effectively denying his defense of necessity, and subsequently, that the trial court erred in failing to instruct the jury as to necessity. *Held*: The Eighth Amendment does not prohibit enforcement, against the homeless, of trespass laws onto private property. Additionally, the trial court did not err in granting the city's motion *in limine*, effectively denying defendant's necessity defense; although defendant's testimony evidenced the generalized and vague concerns of harm, that testimony did not show the imminent threat required for a necessity defense.

Affirmed.

Clara L. Rigmaiden, Judge.

Ernest G. Lannet, Chief Defender, and Sara F. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Travis Smith and Suzanne M. Bruce filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

JAMES, J.

Affirmed.

**JAMES, J.**

In this criminal appeal, defendant, who was homeless at the time, had been sleeping in front of the elevator to a private building, blocking employees' access to businesses located in the building. A Eugene Police Officer cited defendant for criminal trespass in the second degree, a violation of Eugene Code (EC) 4.807.[1] At trial, defendant moved to dismiss the charge, arguing that the Eighth Amendment to the United States Constitution prohibited criminalization of his conduct based on the status of his homelessness. After his motion to dismiss was denied, the city filed a motion *in limine* to prohibit defendant from relying on a defense of necessity, which the trial court granted. On appeal, defendant raises three assignments of error. First, he renews his Eighth Amendment challenge and argues that the trial court should have granted his motion to dismiss. In his second and third assignments of error, defendant argues that the trial court erred in granting the city's motion *in limine*, effectively denying his defense of necessity, and additionally, that the trial court erred in failing to instruct the jury as to necessity. We affirm.

Whether a prosecution is prohibited by the Eighth Amendment is a question of law, reviewed for errors of law. *See, e.g.*, *State v. Jackson*, 187 Or App 679, 681, 69 P3d 722 (2003). In reviewing a trial court's denial of a defense, "[w]e review the record to determine whether [the] defendant presented any evidence to support the defenses he sought to assert and evaluate that evidence in the light most favorable to [the] defendant." *State v. Miles*, 197 Or App 86, 88, 104 P3d 604, *rev den*, 338 Or 488 (2005). We review a trial court's refusal to give a jury instruction for legal error and state the facts that support giving the instruction in the light most favorable to the party who requested it. *State v. Nebel*, 237 Or App 30, 32, 238 P3d 423, *rev den*, 349 Or 370 (2010).

We turn straight to the merits, beginning with defendant's motion to dismiss. Defendant raised a challenge under

---

[1] EC 4.807 provides: "A person commits the crime of criminal trespass in the second degree if the person enters or remains unlawfully in a motor vehicle or in or upon premises."

the Eighth Amendment as well as Article I, section 16, of the Oregon Constitution. However, other than citing Article I, section 16, defendant makes no independent argument under that provision, appearing to treat the two provisions congruently, at least for purposes of his argument.[2]

Defendant's arguments largely mirror the argument presented in *Martin v. City of Boise*, 920 F3d 584, 616 (9th Cir), *cert den*, ___ US ___, 140 S Ct 674, 205 L Ed 2d 438 (2019), and recently made to us in *State v. Barrett*, 302 Or App 23, 29, 460 P3d 93, *rev den*, 366 Or 731 (2020). In *Barrett*, we affirmed the defendant's conviction, but along divided rationales. Due to record insufficiencies, *Barrett* did not decide the Eighth Amendment question presented and, accordingly, does not foreclose defendant's arguments here.

However, even if we were to assume, for purposes of argument, that we adopted the Eighth Amendment rationale articulated in *Martin*, that rationale applies to prohibitions on enforcement of *public* camping ordinances against the homeless. Nothing in *Martin* supports the extension of that rationale to prohibitions on enforcement of criminal trespassing laws on *private* property. Defendant offers no authority, nor are we aware of any, where a court has held there to be an Eighth Amendment prohibition on enforcement of private property trespassing laws against the homeless. Here, it is undisputed that defendant was on private, not public, property. We thus conclude that neither the Eighth Amendment, nor Article I, section 16, prohibits enforcement of criminal trespass laws, involving an entry onto private property, against the homeless.

We turn now to defendant's second and third assignments of error which, combined, challenge the trial court's grant of the city's motion *in limine* prohibiting him from relying on a defense of necessity. The defense of "necessity,"

---

[2] For purposes of analyzing whether a sentencing scheme, in this case a criminalization scheme, is categorically cruel and unusual, "Article I, section 16, closely parallels the Eighth Amendment." *Billings v. Gates*, 323 Or 167, 173, 916 P2d 291 (1996). In *Billings*, the Oregon Supreme Court held that "[w]e find nothing in the history of the 'cruel and unusual punishments' clause of Article I, section 16, that suggests that it affords more protection in this context than does the Eighth Amendment." *Id.* at 178.

sometimes called "choice of evils," is a justification defense provided for by ORS 161.200, which reads:

"(1)   Unless inconsistent with other provisions of chapter 743, Oregon Laws 1971, defining justifiable use of physical force, or with some other provision of law, conduct which would otherwise constitute an offense is justifiable and not criminal when:

"(a)   That conduct is necessary as an emergency measure to avoid an imminent public or private injury; and

"(b)   The threatened injury is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding the injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue.

"(2)   The necessity and justifiability of conduct under subsection (1) of this section shall not rest upon considerations pertaining only to the morality and advisability of the statute, either in its general application or with respect to its application to a particular class of cases arising thereunder."

As we noted in *State v. Seamons*, to rely on a defense of necessity, a defendant must bring forward evidence that:

"(1) a defendant's conduct was necessary to avoid a threatened injury; (2) the threatened injury was imminent; and (3) it was reasonable for the defendant to believe that the threatened injury was greater than the potential injury of his illegal actions."

170 Or App 582, 586, 13 P3d 573 (2000).

For a defendant's conduct to be necessary to avoid a threatened injury, "he must show that no other course of action was available to him but to 'choose an evil.'" *Miles*, 197 Or App at 93. In order for a threatened injury to be imminent, "the threat must exist at the time of the commission of the charged offense." *State v. Boldt*, 116 Or App 480, 483-84, 841 P2d 1196 (1992).

Here, following the city's motion *in limine*, defendant offered the following testimony in support of his defense. Defendant testified that he did not have specific

concerns about being assaulted that night, but rather, his concerns of assault were more generalized, noting that "it's a random issue." When asked during the pretrial hearing if there were specific people of whom he was afraid, or thought might harm him, defendant answered "No."

Defendant acknowledged that he has an income from the United States Department of Veterans Affairs (VA) of $1,000 per month and is also eligible for VA housing. He testified that he chose not to be housed by the VA because of what he perceives to be the requirement of "case management" through the VA. Defendant further testified that he did not seek shelter services with a local housing organization called Shelter Care, because of his perception of how they operate.

In support of the defense of necessity, defense counsel argued:

"[I]f there is any evidence from which a jury could infer the required elements of the choice of evils, then the issue should be submitted to the jury. I think we've met that standard by far that there's evidence of our harm this [defendant] faces every single night. Not this night in particular, but every single night sleeping on the streets from assault, death, being exposed to the elements, of getting a serious illness, and then having to face (indiscernible) conditions."

The trial court granted the state's motion *in limine* and excluded the necessity defense, reasoning:

"Alright. My ruling is not any kind of endorsement of any social policy or lack of empathy or sympathy with individuals who are without shelter, but I can only look at this specific case and apply the law in this specific case, and I am restricted by the testimony that I have heard, and the case law that I've been presented, and that is ruling in this case.

"First, the threat of imminent harm, when I listened very closely to [defendant] testifying he very specifically was somewhat dismissive of imminent harm on that specific date. No specific harm, no physical threat from anyone. He didn't remember the weather, whether it was particularly bad or raining, or freezing. His main concern was *** ongoing in general over time, and *** he specifically

testified that it was a matter of discomfort, and I certainly agree that being without shelter is going to be just uncomfortable. There is going to be some general threats and general dangers, but as to this specific date there were no specific harms or evidence of specific harms.

"* * * * *

"And therefore he does not meet the first prong of threat of imminent harm, and there is not enough evidence that a jury could infer there was a specific immediate and imminent harm that he was avoiding by the conduct of trespassing."

The trial court reasoned correctly. When a defendant asserts a defense to a charge, he is entitled to have his theory of the case presented to the jury, if, viewing the evidence in the light most favorable to defendant, there is "evidence from which the jurors could infer that the required elements of the defense are present." *State v. Shelley*, 110 Or App 225, 228, 821 P2d 1111 (1991); *see also State v. McPhail*, 273 Or App 42, 49, 359 P3d 325 (2015), *rev den*, 358 Or 529 (2016) ("'[a] criminal defendant is entitled to instructions on all issues of law arising from the evidence and to present his theory of defense if that theory is supported by the evidence'" (quoting *State v. Webber*, 85 Or App 347, 351, 736 P2d 220, *rev den*, 304 Or 56 (1987)) (brackets in *McPhail*)). It is a low bar, but here, defendant did not meet it.

For purposes of a necessity defense, the imminent threat is "one that is immediate, ready to take place, or near at hand." *State v. Taylor*, 123 Or App 343, 348, 858 P2d 1358 (1993); *see also State v. Whisman*, 33 Or App 147, 151, 575 P2d 1005 (1978) (the harm a defendant seeks to avoid must be present and impending; "a threat of future injury [is] insufficient"). Vague, unspecified, or generalized potential harms are insufficient. Rather, to show that the injury that the defendant sought to avoid was "imminent" within the meaning of the statute, a defendant must show "that the threat of injury existed at the time that defendant committed his offense." *State v. Freih*, 270 Or App 555, 557, 348 P3d 324 (2015) (emphasis omitted).

Defendant's testimony evidences the kind of generalized and vague concerns of harm that do not constitute

the imminent threat required for a necessity defense. Accordingly, the trial court did not err.

Affirmed.