No. 186 March 11, 2026 675

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MASON KETHAN TURRO,
aka Mason Turo,
*Defendant-Appellant.*

Multnomah County Circuit Court
23CR30798, 23CR51013, 23CR49587, 23CR40387;
A183352 (Control), A183353, A183354, A183355

Rima I. Ghandour, Judge.

Submitted November 13, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emma Izaguirre, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

In this consolidated criminal case, defendant appeals four judgments of conviction for second-degree criminal trespass, ORS 164.245(1). Defendant raises a single assignment of error as to all four convictions. He argues that the trial court erred by denying his motion to dismiss each of the charges on constitutional grounds. We affirm.

Defendant was homeless and, on four occasions, was charged with criminal trespassing for sleeping on private property—under an awning at a bank and on the lawn of an apartment building. He had previously been "trespassed" from both properties. He moved to dismiss the charges, arguing that it constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution to punish him for essentially the status of being homeless. Defendant acknowledges that his motion to dismiss was grounded in the Eighth Amendment to the United States Constitution and that the United States Supreme Court has decided a case that resolves the issue here adversely to him. *City of Grants Pass, Oregon v. Johnson*, 603 US 520, 144 S Ct 2202, 219 L Ed 2d 941 (2024). On appeal, he shifts his argument to Article I, section 16, of the Oregon constitution. He requests that we review his assignment of error either as a matter of "first things first" jurisprudence or, in the alternative, that we review it as plain error. We decline to review the unpreserved claim of error under a first-things-first approach. As we will explain, we also conclude that it does not constitute plain error.

To begin with "first things first," part of the reasoning behind that jurisprudential approach is that, when an Oregon defendant alleges that the state has violated their United States constitutional rights via the Fourteenth Amendment, we may first examine whether the right at issue is fully vindicated under the state constitution. *See Sterling v. Cupp*, 290 Or 611, 614, 625 P2d 123 (1981) ("This is required, not for the sake either of parochialism or of style, but because the state does not deny any right claimed under the federal Constitution when the claim before the court in fact is fully met by state law."); *see also* Hans Linde, *First Things First: Rediscovering the States' Bill of Rights*, 9

U of Baltimore L Rev 379, 390 (1980). But that doctrine is a prudential one, which now rarely overrides preservation principles. *See, e.g.*, *State v. Link*, 367 Or 625, 641, 482 P3d 28 (2021) (noting of "first things first" approach, that "the trend in this court's case law in recent decades has been decidedly against reaching unpreserved arguments under state law"). As a prudential matter, in these circumstances, where no Oregon constitutional argument was made below and the federal constitutional argument was subsequently foreclosed, we decline to apply "first things first" to reach an unpreserved state-law issue.

We turn, then, to defendant's plain-error argument. "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Whether an error is "plain" is a question of law. *State v. Gornick*, 340 Or 160, 167, 130 P3d 780 (2006).

Here, defendant's argument would require us to overrule our own recent precedent, *City of Eugene v. Adams*, 313 Or App 67, 69, 495 P3d 187, *rev den*, 368 Or 787 (2021). Defendant argues that we should reconsider and overrule our decision in *Adams* because "subsequent legal or factual changes have seriously undermined the reasoning or result of the decision." The claimed error here is not plain—the legal point is decidedly not obvious or beyond reasonable dispute. *See State v. Civil*, 283 Or App 395, 417, 388 P3d 1185 (2017) (to overrule a precedent, we must be convinced that it is "plainly wrong," which is "a rigorous standard, satisfied only in exceptional circumstances").

For those reasons, we affirm the trial court's judgments.

Affirmed.