Argued and submitted January 29, reversed and remanded for new trial
September 22, 1993

# STATE OF OREGON,
*Respondent,*

*v.*

# JOHN RAYMOND ROSS,
*Appellant.*

(91CR808; CA A72788)

859 P2d 569

Peter Gartlan, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Kaye E. Sunderland, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

## DEITS, P. J.

Defendant appeals his conviction of first degree failure to appear, ORS 162.205, assigning error to the exclusion of certain evidence at trial. We reverse and remand for a new trial.

Defendant was arrested and charged with unauthorized use of a vehicle (UUV). ORS 164.135. The victim was his mother. On October 25, 1990, defendant signed a conditional release agreement, in which he agreed to appear in court on November 5, 1990. He did not appear on that date. Defendant stipulated to having not appeared, but sought to introduce as evidence in his defense his mother's statement that she was "dropping the charges" and a letter written by his mother dated December 10, 1990, requesting dismissal of the UUV charge. The trial court granted the state's motion *in limine* to exclude that evidence as irrelevant. Defendant appeals.

ORS 162.205 provides, in part:

"(1) A person commits the crime of failure to appear in the first degree if, having by court order been released from custody or a correctional facility upon a release agreement or security release upon the condition that the person will subsequently appear personally in connection with a charge against the person of having committed a felony, *the person intentionally fails to appear as required*." (Emphasis supplied.)

ORS 161.085(7) defines "intentionally" as follows: "a person acts with a conscious objective to cause the result or to engage in the conduct so described." Defendant argues that, because he was charged with "intentionally" failing to appear as required, he was entitled to present evidence of his state of mind: namely, that he mistakenly thought that he was not required to appear because the charges had been dismissed. The state argues that this evidence was irrelevant, because the only intent required under ORS 162.205 is the intent to engage in particular conduct, *i.e.*, "failure to appear as required." The state reasons that, if defendant had a "conscious objective" not to show up at the hearing, defendant's reason for not appearing is irrelevant.

The starting point in interpreting a statute is its language. *State v. Trenary*, 316 Or 172, 175, 850 P2d 356 (1993). Here, however, the language of ORS 162.205 is not dispositive. The pertinent language arguably could be read either as the state or defendant asserts. To support its reading, the state relies on our decision in *State v. Troen*, 100 Or App 442, 786 P2d 751, *rev den* 310 Or 791 (1990). In that case, the defendant was an animal rights activist who was convicted of theft and burglary for breaking into a research facility and taking the animals. We upheld the trial court's refusal to instruct the jury on a choice of evils defense, reasoning that evidence of the defendant's motive in committing burglary and theft was irrelevant. We said:

"In this case, in contrast [to *State v. Miller*, 137 Or 218, 2 P2d 8 (1931)], why defendant did what he did has nothing to do with whether he acted intentionally or knowingly. The issue was *whether* defendant acted with a particular state of mind, not *why* he had that mental state." (Emphasis in original.)

In *Troen*, the defendant intended the results of his acts, 100 Or App at 447, and executed them with the understanding that, in accomplishing his goals, he was committing criminal acts. Defendant asserts that his situation is distinguishable, because the evidence that he seeks to introduce would show that he did not intend to commit a criminal act, *i.e.*, miss a *required* court appearance, because he held the mistaken belief that he was not required to appear. *See State v. Phillips*, 84 Or App 316, 734 P2d 4, *rev den* 303 Or 370 (1987); *State v. Sims*, 23 Or App 438, 543 P2d 300 (1975), *rev den* (1976).

The legislative history of a statute may provide guidance when the words of the statute are not clear. ORS 174.020. Defendant relies on the commentary that accompanied ORS 162.205 when it was originally enacted in 1971.[1] It provided:

"The aim of § § 195 and 196 is to punish persons who intentionally fail to appear in response to a criminal action

---

[1] ORS 162.205 as enacted in 1971 provided, in part:

"(1) A person commits the crime of bail jumping in the first degree if, having by court order been released from custody or a correctional facility upon bail or his own recognizance upon the condition that he will subsequently appear personally in connection with a charge against him of having committed a felony, he intentionally fails to appear as required."

> lodged against them after having been released on bail or their own recognizance. Requiring an 'intentional' failure to appear excludes from criminal liability negligent or excusable nonappearance." *Commentary to Proposed Oregon Criminal Code* 195 (1970).

The state recognizes that evidence of a defendant's negligence in not appearing would be relevant, *e.g.*, that the defendant had the wrong date or forgot to appear. It also acknowledges that evidence of "lawful excuses" would be relevant. However, it asserts that the use of the term "excusable nonappearance" in the commentary refers to "a 'legal excuse,' such as the justification of duress or impossibility," and not to other circumstances. The state asserts that circumstances such as these, where defendant admits he knew about the court appearance but contends that he mistakenly thought that the hearing had been canceled because the charges had been dismissed, do not come within the exclusions from liability.

We conclude that defendant's interpretation of the statute is more consistent with the legislative intent in adopting this statute. The legislature's willingness to exclude negligent failure to appear from culpable conduct, as well as other lawful excuses, indicates its willingness to also allow other similar exclusions, such as the one proffered here, mistake. Accordingly, evidence of defendant's assertions of his mistaken belief as to the necessity of his appearance was relevant and the trial court erred in excluding it.

Reversed and remanded for a new trial.