Argued and submitted August 28, affirmed November 20, 2002

# STATE OF OREGON,
*Respondent,*

*v.*

# REGINA ROCHELLE ROGERS,
*Appellant.*

9906-45681; A109658

59 P3d 524

Daniel M. Carroll, Deputy Public Defender, argued the cause for appellant. With him on the briefs was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

BREWER, J.

**BREWER, J.**

■ Defendant appeals from her conviction for failure to appear on a citation for reckless driving. *Former* ORS 133.075 (1997), *repealed by* Or Laws 1999, ch 1051, § 63. Defendant assigns error to the trial court's denial of her motion for judgment of acquittal on the ground that the state failed to prove that she acted knowingly, a required element of the offense. She also assigns error to the trial court's failure to acquit her *sua sponte* because the state adduced no evidence that the citation was issued "under authority of ORS 133.045 to 133.080, 133.110 and 156.050," another required element of the offense. We state the facts, including any reasonable inferences that may be drawn from them, in the light most favorable to the state, and we review those facts to determine whether a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Hall*, 327 Or 568, 570, 966 P2d 208 (1998); *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994). We affirm.

Sometime after midnight on June 2, 1999, Officer Larson stopped defendant for driving 99 miles per hour on I-84 in Portland. Larson called Officer Kruger to assist in the stop. Larson arrested defendant for reckless driving, a misdemeanor. ORS 811.140. At Larson's behest, Kruger took defendant to the police station and conducted several tests as part of a DUII evaluation.

Larson issued a citation that directed defendant to appear in court on June 15, 1999. She did not appear on that date. The court issued a bench warrant. Thereafter, defendant was also charged with failure to appear. The reckless driving and failure to appear charges were then consolidated in a single misdemeanor information. Defendant waived her right to a jury trial, and the trial court convicted her of careless driving, ORS 811.135, and of failure to appear, *former* ORS 133.075. She appeals from her conviction for failure to appear.

■ In her first assignment of error, defendant argues that the trial court erred in denying her motion for judgment of acquittal on the failure to appear charge because, according to defendant, the state failed to prove that she committed

the offense knowingly. *Former* ORS 133.075. The state responds that evidence contained in the trial court file established that defendant was served with the citation and that the trial court permissibly could infer that, having been served with a copy of the citation—which directed her to appear on June 15—defendant knowingly failed to appear.

■    *Former* ORS 133.075 provides:

> "If any person knowingly fails to appear before a court pursuant to a citation issued and served under authority of ORS 133.045 to 133.080, 133.110 and 156.050 and a complaint or information is filed, the person commits the crime of failure to appear on a citation which is a Class A misdemeanor."

The state is obligated to prove every element of an offense, including the requisite culpable mental state, beyond a reasonable doubt. ORS 161.095; ORS 136.415; *State v. Williams*, 313 Or 19, 40, 828 P2d 1006, *cert den*, 506 US 858 (1992). ORS 161.085(8) provides:

> "[W]hen used with respect to conduct or to a circumstance described by a statute defining an offense, [knowingly] means that a person acts with an awareness that the conduct of the person is of a nature so described or that a circumstance so described exists."

"Knowingly," thus, refers to awareness of conduct and *not* awareness of the result of particular conduct. *State v. Barnes*, 329 Or 327, 337, 986 P2d 1160 (1999). *See State v. Mayer*, 146 Or App 86, 89-90, 932 P2d 570 (1997) ("knowingly" means defendant acted with awareness, not a conscious objective as with the mental state of "intentionally").

Here, to prove that defendant knowingly failed to appear on June 15, the state was required to prove that defendant knew that she was obligated to appear on that date. The state could attempt to prove defendant's knowledge by means of circumstantial evidence. *State v. Lerch*, 296 Or 377, 677 P2d 678 (1984). In this case, the state contends that it proved that defendant knowingly failed to appear by establishing that she was served with a copy of the citation ordering her to appear in court at a specified date and time.

The parties' dispute on appeal primarily focuses on whether sufficient evidence was offered to allow a rational factfinder to find beyond a reasonable doubt that defendant was served with the citation. In resolving that dispute, we are not concerned with the validity of the court's stated reasoning for its finding that defendant was served. That is, we do not consider whether that finding was "right for the wrong reason." *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001). Instead, we focus on whether the evidence, including all reasonable inferences that may be drawn from it, was sufficient for the court to make the necessary finding. *Cervantes*, 319 Or at 125-26.

In finding that defendant knew of her obligation to appear on June 15, the court stated that, "[W]e've heard testimony from the officer [that the citation] was given to [defendant] on the 2nd of June, okay." The court was mistaken, however, because there is no such testimony in the record. The court later stated that its decision was "based on two pieces of paper, the citation, *which I'm finding she was given*, and the bench warrant, which I'm finding * * * Judge Weisberg did sign and enter into the file * * *." (Emphasis added.)

Defendant's counsel remonstrated:

"I don't believe the State put on any evidence that [defendant] was ever given the citation. The original was in the court file, but there's no evidence on the record that [defendant] was ever given a copy, that [defendant] was ever told a court date, or that she ever knew she had to appear in court."

The court responded, stating that, "I mean, I think it's a fair inference that the trier of fact could make from the evidence that we heard that she was given this citation." Ultimately, the court found that

"it's been proved beyond a reasonable doubt, although perhaps not as explicitly as it might have been that she was in fact given a citation at the time of her arrest, and that this, that the original copy of this in the file was consistent with the copy that would have been automatically produced when it was written."

Although the court was mistaken in finding that the officer had testified to giving defendant a copy of the reckless driving citation, the court previously had taken judicial notice of the documents contained in the trial court file and had received them in evidence.[1] The file included two copies of the citation issued to defendant—the original top copy and a green "officer's notes" copy. The bottom portion of the original citation contains a signed statement by Larson certifying that he served defendant with a copy of the citation on June 2, 1999. Both copies of the citation contain a direction to appear in Multnomah County Circuit Court Room 106 at 8:30 a.m. on June 15, 1999. The service copy of the citation— the copy that ordinarily would have been served on the person to whom the citation was issued—was not in the court file.

■     Defendant asserts for the first time on appeal that Larson's certification that defendant was served with the citation is not the sort of adjudicative fact that properly could be judicially noticed under OEC 201. *See Petersen v. Crook County*, 172 Or App 44, 51, 17 P3d 563 (2001) (holding that where the accuracy of the contents of documents contained in court file was subject to reasonable dispute, those contents could not properly be judicially noticed). We need not address whether it was. The court in this case did more than merely notice the existence of the documents in the trial court file; it actually received them in evidence. Defendant did not object to the admission into evidence of all of the documents contained in the court file, nor did she assert that the court could take notice only of the existence of those documents, not of the truth of their contents. Accordingly, defendant's argument that the court erred in admitting into evidence the citation, including Larson's certification of service, is not preserved, and we do not consider it further.

■     We conclude that, based on Larson's certification, combined with the absence of the service copy of the citation from the court file, the trial court was entitled to find beyond a reasonable doubt that defendant was served with a copy of

---

[1] The court stated, "And I'm going to take judicial knowledge of the court file. Now we can debate the meaning of those documents momentarily, but *I'm going to accept them as evidence in this case.*" (Emphasis added.)

the reckless driving citation. We also conclude that the trial court was entitled to infer beyond a reasonable doubt from that underlying fact that defendant knew of her obligation to appear on June 15, that is, that she knowingly failed to appear. *Cf. State v. Beltran*, 127 Or App 238, 872 P2d 983 (1994) (release document signed by defendant was sufficient to establish requisite mental state of defendant who later failed to appear). Because the trial court could have found beyond a reasonable doubt the disputed element of the offense of failure to appear, the court did not err in denying defendant's motion for a judgment of acquittal.

■■ We briefly turn to defendant's second assignment of error. Defendant argues that the trial court should have acquitted her *sua sponte* because the state did not produce evidence that the citation was issued "under authority of ORS 133.045 to 133.080, 133.110 and 156.050," a required element of the offense. *Former* ORS 133.075. Defendant concedes that the claimed error is unpreserved but argues that we should exercise our discretion to address it as error apparent on the face of the record. *See* ORAP 5.45(4)(b). To constitute error apparent on the face of the record, the error must be obvious and "not reasonably in dispute." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990).

Defendant argues that, because she was taken into custody, she was not issued a citation *in lieu of custody* as provided in ORS 133.055. Defendant bases her argument on the following facts: Defendant was handcuffed at the scene, advised of her *Miranda* rights, placed in a patrol car, and taken to the police station, where she was required to perform field sobriety tests; the word "custody" is handwritten at the top of the citation; the citation was not filed in compliance with ORS 133.065(1) (1997), *amended by* Or Laws 1999, ch 1051, § 58; the citation states that it is a "complaint" contrary to the notice required by ORS 133.065(g); and the citation was filed with a stamp that it had been screened by the district attorney as a complaint.

The state asserts that "custody" for purposes of *former* ORS 133.075 refers to actual incarceration, citing ORS 135.255(3) (1997), which provides that custody "for purposes of a release agreement does not include *temporary*

*custody* under the citation procedures of ORS 133.045 to 133.080." (Emphasis added.) Defendant directs us to ORS 162.135(4), which provides a different definition of custody. Regardless of whether custody for purposes of a citation in lieu of custody required that defendant be booked and jailed, the parties' conflicting views are both arguable, thus rendering defendant's claimed error "reasonably in dispute." For that reason, the error is not apparent. We decline to address the merits of defendant's unpreserved argument.

Affirmed.