Argued and submitted August 28, 2009, affirmed November 3, 2010, petition for review denied March 25, 2011 (350 Or 130)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TOMARA HELENA CARTER,
*Defendant-Appellant.*

Multnomah County Circuit Court
070647475; A138008

241 P3d 1205

Ingrid A. MacFarlane, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

ORTEGA, J.

### ORTEGA, J.

Defendant appeals a judgment of conviction for careless driving, ORS 811.135, and failure to appear on a criminal citation, ORS 133.076. Both of her assignments of error concern the failure to appear charge. She argues that the trial court erred by denying her motion for a judgment of acquittal and by admitting into evidence a "bench/arrest warrant." We affirm.

■     We review the denial of a motion for judgment of acquittal to determine whether, viewing the evidence in the light most favorable to the state, a rational trier of fact could have found the essential elements of the offense proved beyond a reasonable doubt. *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994).

A police officer issued to defendant a uniform criminal citation and complaint that contains a combination of preprinted and handwritten information. Checked boxes indicate that defendant committed a traffic crime. The citation and complaint states that she engaged in reckless driving, ORS 811.140. It also contains the officer's certification that he believed that defendant had committed the offense and that he had served her with the complaint. Under the heading "YOUR CIRCUIT COURT APPEARANCE DATE, TIME & LOCATION ARE," the date June 29, 2007, is written, and boxes are checked to specify a time and courtroom.[1]

---

[1] The copy of the citation and complaint admitted as an exhibit is one-sided, but it appears that the original document was two-sided. Two boxes on the exhibit direct the reader to see additional information "on back." (Uppercase and italics omitted.)

The trial court concluded that, in addition to the information on the one-sided exhibit, the citation and complaint contained further information required by statute. The court noted that, under ORS 133.068(7), a citation must contain a notice including a warning that the failure to appear as directed will result in issuance of an arrest warrant.

As defendant points out, ORS 133.068(7) sets requirements for the content of a citation issued without a form of complaint. Here, defendant was issued a citation with a form of complaint, the required content of which is described in ORS 133.069. ORS 133.069(1)(e) requires that a citation with a form of complaint must include "[t]he date, time and place at which the person cited is to appear in court, and a summons to so appear." Hence, although it cited the wrong statute, the trial court was correct that the citation and complaint was statutorily required to include a direction to appear.

Before that appearance date, the district attorney filed an information accusing defendant of reckless driving.

The Multnomah County Circuit Court later issued a warrant, captioned "bench/arrest warrant (failure to appear) and order revoking release and forfeiting security." (Uppercase and boldface omitted.) The warrant states that the charge involved is one count of reckless driving and that the "originating agency" (uppercase omitted) is the "Portland PD." It further states that defendant, "in violation of the terms of release," failed to appear as directed at the time set for arraignment. The warrant orders that "a warrant be issued for the arrest of said defendant, and, upon apprehension, be brought before this court." The warrant states that it was issued on July 2. Defendant later was charged, by an amended information, with failure to appear, as well as reckless driving.

Defendant waived her right to a jury trial on the failure to appear charge. She stipulated that the officer had issued the citation. The state then offered two items of evidence to prove that defendant had knowingly failed to appear: (1) the citation and complaint and (2) the warrant.[2] Defendant moved for a judgment of acquittal, arguing that the state had failed to offer evidence that she had acted knowingly. She also objected to admission of the warrant, contending that it was not admissible as a public record under OEC 803(8)(b) because it is a "law enforcement document" and that, in any event, its admission would violate her right of confrontation because she had not had an opportunity to cross-examine the judge who issued the warrant. The trial court denied defendant's motion for a judgment of acquittal, overruled her evidentiary objections, found her guilty of failure to appear, and entered judgment accordingly.

---

The exhibit in the record does not include the summons provided in the uniform citation form adopted by the Supreme Court pursuant to ORS 133.066(5). However, defendant did not move to set aside the complaint for failure to comply with statutory requirements, as provided by ORS 133.069(3), and the state did not move to supplement the record or request that this court take judicial notice of the uniform citation form.

[2] The state did not offer a copy of the case register entries regarding defendant's arraignment.

■    On appeal, defendant renews her arguments made below. In her first assignment of error, she argues that the trial court erred by denying her motion for a judgment of acquittal because the state failed to offer any evidence of her mental state. Defendant contends that the citation and complaint form is not evidence that she acted knowingly, because it does not demonstrate that she had notice that she was *required* to appear in court.

The state responds that the evidence was sufficient to establish all elements of failure to appear. The state notes that there is no dispute that defendant was issued the citation and complaint and that it contains all statutorily required information. Viewing the evidence in the light most favorable to the state, it contends, a trier of fact could reasonably infer that defendant knowingly failed to appear. We agree that defendant's mental state may be inferred from the evidence in the record.

The state has the burden to prove the elements of an offense, including the required mental state, beyond a reasonable doubt. *State v. Rogers*, 185 Or App 141, 144, 59 P3d 524 (2002). We focus on whether the evidence, including all reasonable inferences that may be drawn from it, was sufficient to support the necessary finding. *Cervantes*, 319 Or at 125-26.

■    We begin with the text of the pertinent statutes. ORS 133.076(1) provides, in part:

"A person commits the offense of failure to appear on a criminal citation if the person has been served with a criminal citation * * * and the person knowingly fails to do any of the following:

"(a)   Make an appearance in the manner required by ORS 133.060."

ORS 133.060(1) provides that "[a] person who has been served with a criminal citation shall appear before a magistrate of the county in which the person was cited at the time, date and court specified in the citation * * *." A person acts knowingly if she "acts with an awareness that the conduct of the person is of a nature so described or that a circumstance so described exists." ORS 161.085(8). Thus, to prove that

defendant knowingly failed to appear, the state had the burden to prove that she knew of her obligation to appear on that date. *Rogers*, 185 Or App at 144. "Knowingly," as we explained in *Rogers*, "refers to awareness of conduct and *not* awareness of the result of particular conduct." *Id.* (citations omitted; emphasis in original).

Here, defendant stipulated that she was served with the citation and complaint, which stated that she was accused of a traffic crime, reckless driving. Under the police officer's certification that he had served defendant with the complaint, the citation and complaint specified her "CIRCUIT COURT APPEARANCE DATE, TIME & LOCATION." Nothing in the citation and complaint suggests that such an appearance would be optional; the context makes it clear that defendant was assigned the appearance date as a result of a criminal charge against her. Thus, a reasonable factfinder could infer that defendant knew she was charged with reckless driving and was required to be in court as specified in the citation and complaint, even if she was not aware of all of the consequences that might flow from a failure to appear. Because a reasonable factfinder could find beyond a reasonable doubt that defendant acted knowingly, the court did not err in denying her motion for a judgment of acquittal.

In her second assignment of error, defendant argues that the trial court erred by admitting the warrant into evidence. In her view, the warrant was inadmissible hearsay under the Oregon Evidence Code, and admission of the evidence violated her right of confrontation, as explained in *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004), and subsequent cases. The state counters that the warrant is admissible as a public record under OEC 803(8)(a) and that it falls within a well-established exception that does not implicate the right to confrontation.

To frame the issues, we begin with the pertinent statutes concerning issuance of warrants. ORS 133.060(2) provides, "[i]f the cited person fails to appear at the time, date and court specified in the criminal citation, and a complaint or information is filed, the magistrate shall issue a warrant of arrest, upon application for its issuance, upon the person's failure to appear." The purpose of the warrant is to obtain a

defendant's appearance in court for arraignment. ORS 131.005(14) (" 'Warrant of arrest' means a process of a court, directing a peace officer to arrest a defendant and to bring the defendant before the court for the purpose of arraignment upon an accusatory instrument filed therewith by which a criminal action against the defendant has been commenced."); *see also* ORS 131.005(2) (" 'Bench warrant' means a process of a court in which a criminal action is pending, directing a peace officer to take into custody a defendant in the action who has previously appeared before the court upon the accusatory instrument by which the action was commenced, and to bring the defendant before the court. The function of a bench warrant is to achieve the court appearance of a defendant in a criminal action for some purpose other than the initial arraignment of the defendant in the action."). Thus, under ORS 133.060(2) and ORS 131.005(14), if a person who has been cited fails to appear for arraignment, the court is required, on application, to issue a warrant, which is intended to obtain the defendant's appearance in that criminal action.

■       With that framework in mind, we turn to the warrant's admissibility under the Oregon Evidence Code. OEC 803(8) provides a hearsay exception for

"[r]ecords, reports, statements or data compilations, in any form, of public offices or agencies, including federally recognized American Indian tribal governments, setting forth:

"(a)    The activities of the office or agency[.]"

Defendant argues that the warrant does not fall within that exception, because it is "a record of a public finding of fact and of public orders and directives made as a consequence of the factual finding." The state responds that the warrant is a routine document setting forth the court's official actions and thus falls within that hearsay exception. We agree with the state.

The issuance of warrants is one of the regular activities of the circuit court. *See* ORS 133.020 ("A magistrate is an officer having power to issue a warrant for the arrest of a person charged with the commission of a crime."); ORS

133.030(3) (circuit court judges are magistrates). The statement in the warrant that defendant failed to appear as directed for arraignment does not alter that conclusion; that statement simply reflects that the warrant was issued, pursuant to ORS 133.060(2), "upon the person's failure to appear." Because the warrant is a record setting forth the activities of the court, it was admissible as a public record under OEC 803(8)(a).

■    Defendant further contends that admission of the warrant, without an opportunity to cross-examine the declarant, violated her Sixth Amendment right of confrontation. The state responds that a warrant is admissible because it is a nontestimonial statement. In light of the purpose of the warrant, we agree that the warrant is not "testimonial" as the United States Supreme Court has explained that term.

■    In *Crawford*, the Court held that the Confrontation Clause prohibits the admission of out-of-court statements that are testimonial in nature unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant concerning the statements. 541 US at 68. A testimonial statement "is typically 'a solemn declaration or affirmation made for the purpose of establishing or proving some fact.' " *Id.* at 51 (brackets and citation omitted). The Court has emphasized that "[i]t is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause." *Davis v. Washington*, 547 US 813, 821, 126 S Ct 2266, 165 L Ed 2d 224 (2006).

More recently, in *Melendez-Diaz v. Massachusetts*, ____ US ____ , ____ , 129 S Ct 2527, 2531-32, 174 L Ed 2d 314 (2009), the Court addressed the admissibility of records created for use as evidence. The Court held that sworn "certificates of analysis" prepared to show the results of forensic analysis of seized substances were testimonial statements; the certificates were plainly affidavits created to provide evidence for use at a later trial. *Id.* In rejecting the argument that the certificates were admissible as documents kept in the regular course of business, the Court focused on the purpose for which the documents were created. *Id.* at ____ ,

129 S Ct at 2538-40. The Court distinguished between a clerk's authority to "by affidavit *authenticate* or provide a copy of an otherwise admissible record" (which does not run afoul of the Confrontation Clause) and the analysts' certificates made to "*create* a record for the sole purpose of providing evidence against a defendant." *Id.* at ___, 129 S Ct at 2539 (emphasis in original). The Court went on to state that business and public records generally are not testimonial, because they are "created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial." *Id.* at ___, 129 S Ct at 2539-40.[3]

Here, although the warrant was offered as evidence on the failure to appear charge, it was not created for that purpose. Rather, the warrant was created for the purpose of causing defendant to appear in court to answer a reckless driving charge. It was created for administration of the trial court's process, not for the purpose of proving a fact at trial. *See United States v. Orozco-Acosta*, 607 F3d 1156 (9th Cir 2010) (a warrant of removal, documenting that the defendant was ordered removed from the United States and documenting his removal to Mexico, was not testimonial, because the warrant's purpose was documentation, not use at trial); *Jackson v. United States*, 924 A2d 1016, 1019 n 3 (DC Ct App 2007) (concluding that the primary purpose of a bench warrant was to notify law enforcement to arrest the appellant and bring him before the court, in other words, "to command police assistance with an ongoing set of circumstances, rather than to document information for future prosecution" (citing *Davis*, 547 US 813)). As such, the warrant was not a testimonial statement, and the trial court did not err by admitting a copy of the warrant into evidence.

Affirmed.

---

[3] The *Melendez-Diaz* Court also discussed its earlier opinion in *Dowdell v. United States*, 221 US 325, 31 S Ct 590, 55 L Ed 753 (1911). There, the intermediate court had ordered the trial court clerk to send a certified copy of all entries referring to the case and had ordered the trial judge to send a certificate stating whether he had been present at the defendants' trials and, if so, whether the defendants had been present. 221 US at 327-28. The *Melendez-Diaz* Court explained that the *Dowdell* Court had rejected the defendants' Confrontation Clause challenge because the judge and clerk "were not witnesses for purposes of the Confrontation Clause because their statements concerned only the conduct of defendants' prior trial, not any facts regarding defendants' guilt or innocence." ___ US at ___ n 8, 129 S Ct at 2539 n 8 (citation omitted).