Argued and submitted September 29, 2015; conviction for failure to appear on a criminal citation, reversed and remanded, otherwise affirmed April 26, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LARRY SCOTT SERVATIUS,
*Defendant-Appellant.*

Multnomah County Circuit Court
111050998; A156412

395 P3d 910

Emily P. Seltzer, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Karla Ferrall, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge pro tempore.

## DUNCAN, P. J.

In this criminal case, defendant appeals the trial court's judgment convicting him of multiple offenses, asserting that the trial court erred when it found him guilty of failure to appear on a criminal citation, ORS 133.076, following a bench trial.[1] The issue in this case is whether ORS 133.076 requires the state to prove that defendant knew—on the day of his court date—that he was required to appear in court. The trial court concluded that it did not need to make a finding regarding defendant's mental state on the day of his missed court appearance. That was error; therefore we reverse and remand.

We begin with the relevant historical and procedural facts. On September 13, 2011, defendant was arrested and given a citation to appear in court on October 11, 2011. Defendant did not appear for that court date, and the state subsequently charged him with the crime of failure to appear on a criminal citation, which is defined by ORS 133.076.[2] Consistent with ORS 133.076, the charging instrument alleged that defendant "knowingly" failed to appear.

Defendant waived his right to a jury trial, and the state tried its case to the court. At trial, the state presented evidence that defendant had been given the citation to appear for court and had not appeared. Defendant did not dispute either of those facts, but he contended that he was not guilty of violating ORS 133.076 because he did not "knowingly" fail to appear. In support of his defense, defendant presented evidence that he has dementia caused by Alzheimer's disease and that he suffers from short-term memory loss and has difficulty remembering dates and appointments. Defendant testified that he could not remember what he had been doing on October 11, but he would not intentionally miss a court date.

---

[1] Defendant was also convicted of interfering with a peace officer, ORS 162.247, and possessing an open container of alcohol in public in violation of a provision of the Portland City Code (PCC) 14A.50.010. Defendant does not challenge those convictions on appeal.

[2] ORS 133.076 provides, in part:

"(1) A person commits the offense of failure to appear on a criminal citation if the person has been served with a criminal citation issued under ORS 133.055 to 133.076 and the person knowingly fails to do any of the following:

"(a) Make an appearance in the manner required by ORS 133.060."

The parties disputed whether the state had to prove that defendant knew of his court date when he failed to appear. The state asserted that it was required to prove only that defendant had notice of the court date and that it did not matter whether defendant subsequently forgot it. Defendant disagreed, asserting that, in order to prove that he knowingly failed to appear, the state had to prove that he knew of his court date when he failed to appear.

The trial court agreed with the state and ruled that it did not need to find that defendant knew of his court date when he failed to appear. In the court's view, the state was required to prove only that defendant had received notice of the court date. Therefore, the court concluded, what happened after defendant received the citation was irrelevant:

> "What happened after that, whether [defendant] lost the citation, forgot about the date, got involved in other things and just never thought about it, woke up on the morning of October 11th, looked at his day planner, didn't see anything written down, so did something else, I think that's all irrelevant under the case law."

The cases to which the judge was referring are *State v. Rogers*, 185 Or App 141, 59 P3d 524 (2002), and *State v. Carter*, 238 Or App 417, 241 P3d 1205 (2010), *rev den*, 350 Or 130 (2011). In each of those cases, the issue was whether the defendant was entitled to a judgment of acquittal on the charge of failing to appear.

In *Rogers*, the defendant disputed that she had received a citation to appear in court. The trial court found that the defendant had received the citation, and the trial court inferred from the defendant's receipt of the citation that the defendant had knowingly failed to appear. We affirmed, holding that, on the record before it, the trial court could find that the defendant had received the citation, and that from that fact, the trial court could infer that the defendant "knew of her obligation to appear on [her court date], that is, that she knowingly failed to appear." 185 Or App at 147.

Similarly, in *Carter*, we held that, "to prove that defendant knowingly failed to appear, the state had the burden to prove that she knew of her obligation to appear on

that date." 238 Or App at 421-22. In *Carter*, the state presented evidence that the defendant had received a citation and complaint that specified the time, date, and location of her court appearance. We held that, from that evidence, "a reasonable factfinder could infer that defendant knew she was charged with [a crime] and was required to be in court as specified in the citation and complaint[.]" *Id.* at 422.

In this case, defendant contended that *Rogers* and *Carter* establish that a factfinder can—but is not required to—infer that a defendant who receives notice of a court date and who later fails to appear for the court date does so "knowingly." In other words, in defendant's view, *Rogers* and *Carter* establish that notice can be circumstantial evidence of later knowledge, but they do not establish that notice is all that is required. With respect to the charged failure to appear, defendant argued:

> "The requisite *mens rea* is on October * * * the 11th. I'm not sure the court can infer beyond a reasonable doubt, even if you make a finding that he understood the date and time on [September] 13th, that you can infer beyond a reasonable doubt that [defendant] had the requisite *mens rea* * * * nearly one month later."

The trial court ultimately concluded that it did not have to make any finding with respect to defendant's mental state on October 11, the date he failed to appear for court. When defendant asked the court if it was inferring that defendant "had knowledge on October 11th of the court date," the court replied that it was not, stating:

> "No. I'm finding that the statute only requires that he be given knowledge of the court date. I can't say that I'm making an inference as to what he knew or didn't know."

Thus, the court did not make a finding regarding whether defendant knew of his court date at the time he failed to appear; all the court found was that defendant had received notice of it. Based on that finding, the court convicted defendant.

On appeal, defendant renews the argument he made in the trial court, asserting that "[b]ecause the trial

court convicted defendant for failure to appear by applying an incorrect understanding of the mental state requirement in ORS 133.076, this court must reverse that conviction and remand for a new trial." To be clear, defendant does not argue that he is entitled to an acquittal; he acknowledges that notice of a court date can be circumstantial evidence of knowledge of the court date. Thus, the issue in this case is different from the issue in *Rogers* and *Carter*, in which the defendants challenged the trial courts' denials of their motions for judgments of acquittal. Here, defendant is challenging the trial court's legal conclusion regarding the required culpable mental state for the charged crime. We review the trial court's conclusion for errors of law. *State v. Barboe*, 253 Or App 367, 375, 290 P3d 833 (2012), *rev den*, 353 Or 714 (2013) (reversing and remanding for a new trial where trial court convicted defendant based on an invalid theory of criminal liability); *State v. Andrews*, 174 Or App 354, 358-59, 27 P3d 137 (2001), *abrogated in part on other grounds by State v. Rutley*, 202 Or App 639, 644-45, 123 P3d 334 (2005), *aff'd in part and rev'd in part*, 343 Or 368, 171 P3d 361 (2007) (reversing and remanding for a new trial where the trial court convicted the defendant without determining whether the state had proven the mental state required for conviction).

ORS 133.076 provides, in relevant part:

"(1)   A person commits the offense of failure to appear on a criminal citation if the person has been served with a criminal citation issued under ORS 133.055 to 133.076 and the person *knowingly* fails to do any of the following:

"(a)   Make an appearance in the manner required by ORS 133.060."[3]

(Emphasis added.)

"Knowingly" means "that a person acts *with* an awareness that the conduct of the person is of a nature so

---

[3] ORS 133.060, provides, in relevant part:

"(1) A person who has been served with a criminal citation shall appear before a magistrate of the county in which the person was cited at the time, date and court specified in the citation, which shall not be later than 30 days after the date the citation was issued."

described * * *." ORS 161.085(8) (emphasis added). The preposition "with" indicates that the person's awareness of the nature of their action occurs at the same time as their act.[4] This construction is consistent with the fundamental principles of our criminal laws. As explained in *State v. Laemoa*, 20 Or App 516, 527, 533 P2d 370 (1975):

> "ORS 161.095[5] sets forth the minimum requirements of criminal culpability. A defendant must undertake some conduct which includes a voluntary act or omission of an act which he is capable of performing before he can be guilty of a crime. * * * *Defendant must also possess the requisite mental intent which must concur with the necessary act.*"

(Emphasis added.)

In ORS 133.076, "knowingly" modifies the act of "fail[ing] to * * * [m]ake an appearance in the manner required by ORS 133.060." Thus, to commit the offense of failure to appear as defined in ORS 133.076(1)(a), a person must fail to appear in court, and do so with an awareness "that the conduct is of the nature so described"—that is, with an

---

[4] "With" can be "used as a function word to indicate an emotional or mental state accompanying a specified action." *Webster's Third New Int'l Dictionary* 2626 (unabridged ed 2002). "Accompanying" is the present participle of the verb "accompany," which means "to exist or occur in conjunction or association with." *Id.* at 12.

[5] ORS 161.095 provides:

"(1) The minimal requirement for criminal liability is the performance by a person of conduct which includes a voluntary act or the omission to perform an act which the person is capable of performing.

"(2) Except as provided in ORS 161.105, a person is not guilty of an offense unless the person acts with a culpable mental state with respect to each material element of the offense that necessarily requires a culpable mental state."

ORS 161.105 provides, in relevant part:

"(1) Notwithstanding ORS 161.095, a culpable mental state is not required if:

"* * * * *

"(b) An offense defined by statute outside the Oregon Criminal Code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any material element thereof."

ORS 133.076 defines an offense outside of the Criminal Code. *See* ORS 161.005 (listing the provisions that are included in the Criminal Code). However, the exception in ORS 161.105(1)(b) is inapplicable in this case because ORS 133.076 explicitly specifies that the criminal mental state "knowingly" applies to the prohibited conduct.

awareness that he is failing to appear in court "at the time, date and court specified in the citation," as ORS 133.060 requires. A person cannot be aware that he is failing to appear in court if he does not know that he is required to appear there. For a person to fail to appear in court with such knowledge, that person must know of his obligation to appear when he fails to appear—that is, at the time of his required appearance.

The construction of ORS 133.076 advanced by the state and applied by the trial court does not require a concurrence of knowledge and the criminal act—failure to appear for a court date—as long as knowledge of the court date was established at some previous point. Again, when a statute specifies a mental state, there must be a coincidence of mental state and action.

Otherwise, a person who received a citation—and therefore was given notice of his court appearance—but sustained a head injury that caused him to develop amnesia and become unaware of his required appearance in the intervening days between issuance of the citation and the appearance, will have committed a crime. Or, a person who is given notice, but later told by police or prosecutors that she does not need to appear and does not appear, will have committed a crime. And, those results would be inconsistent with the legislature's requirement of a "knowing" culpable mental state.

They would also be inconsistent with our decision in *State v. Kenny*, 262 Or App 702, 327 P3d 548 (2014). In *Kenny*, the defendant was tried for failure to appear in violation of ORS 133.076, after she received a citation that directed her to appear for a court date and then failed to appear on that date. At her trial, the defendant sought to testify that she did not appear for the court date because, after she received the citation, she had conversations with persons at the police station and district attorney's office that caused her to believe that the district attorney would not bring charges against her and she did not need to appear in court. The trial court excluded the testimony, and the defendant was convicted and appealed. On appeal, we held that the trial court erred in excluding the testimony. The

evidence was relevant, we explained, because "it tended to negate [the defendant's] knowledge that she was obligated to appear on [the date on the citation]." *Id.* at 712. Thus, *Kenny*, which was decided after *Rogers* and *Carter*, illustrates that, to violate ORS 133.076, a person must be aware of his or her obligation to appear for court at the time the person fails to fulfill that obligation. *Id.* at 711-12 (rejecting the state's argument that "proof of a person's knowing failure to appear requires only a showing that the person failed to appear with knowledge of the citation's contents, that is, a statement that an appearance is required at a certain date, time, and location"); *see also State v. Ross*, 123 Or App 264, 268, 859 P2d 569 (1993) (evidence that the defendant mistakenly believed that he did not have to appear on the date specified in his release agreement because his mother, the victim, requested that the charges be dropped, was relevant to whether he "intentionally" failed to appear in violation of ORS 162.205).

In conclusion, under ORS 133.076, the state was required to prove that, at the time of his required appearance, defendant knew of his obligation to appear in court. Generally, it is possible for the state to satisfy that evidentiary burden by presenting circumstantial evidence—such as issuance of a citation—from which a factfinder may infer that the defendant had the requisite knowing mental state. In this case, the trial court expressly refused to draw such an inference because it misunderstood the state's burden. Specifically, it concluded that the state did not need to prove defendant's awareness on the date of his required appearance. Therefore, the trial court convicted defendant under an erroneous legal theory, and without making a required finding. Under these circumstances, we must reverse and remand for a new trial. *See Barboe*, 253 Or App at 375, 378-79 (reversing and remanding for a new trial because the trial court convicted the defendant "based on a theory of criminal liability that does not exist in Oregon," and material factual issues remained unresolved); *see also State v. Massey*, 249 Or App 689, 693-94, 278 P3d 130 (2012), *rev den*, 353 Or 203 (2013) (reversing and remanding because the trial court employed the incorrect legal standard and holding that it was "immaterial" that, at the bench trial, the state

"adduced legally sufficient evidence to support the same outcome under the correct legal analysis"); *State v. Wilson*, 240 Or App 475, 483, 248 P3d 10 (2011) (same).

Conviction for failure to appear on a criminal citation, reversed and remanded; otherwise affirmed.